UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FELIX CASTILLO, GUSTAVO CERVANTES,
JOSE COLLAZO, ANTHONY FORBES,
EVERTON HARRIS, ALONZO HERRERA,
MICHAEL KERR and EZEKIEL MAYERS,
Individually and on behalf of All Other Persons
Similarly Situated

                       Plaintiffs,

– against –

CORNELL PACE INC.,
MHPA 2A MAINTENANCE LLC,
MOUNT HOPE MANAGEMENT INC.,
MOUNT HOPE HOUSING COMPANY INC.,
MOUNT HOPE PRESERVATION APARTMENTS
2A LLC, PRESTIGE MANAGEMENT INC.,
THE MOUNT HOPE HOUSING COMPANY INC.,
FRITZ JEAN, GLENROY FRAY, JAMAL ALLAH,
CORNELL PACE, JOHN DOE # 1, JOHN DOE # 2,
JOHN DOE # 3, JOHN DOE # 4, AND JOHN DOE # 5,
JOHN DOE # 6, JOINTLY AND SEVERALLY,

                       Defendants.
------------------------------------------------------------X

**Docket No. 20-CV-60 (AJN)(SN)**

# Settlement Agreement and Release

## SETTLEMENT AGREEMENT AND RELEASE

**WHEREAS,** on or about January 5, 2020, Felix Castillo, Gustavo Cervantes, Jose Collazo, Anthony Forbes, Everton Harris, Alonzo Herrera, Michael Kerr and Ezekiel Mayers (collectively "Plaintiffs"), commenced an action against Defendants Mount Hope Management Inc., Mount Hope Housing Company Inc., Prestige Management Inc., The Mount Hope Housing Company Inc.[1], Fritz Jean, Glenroy Fray and Jamal Allah's (hereinafter referred to as "Settling Defendants") and co-defendants Cornell Pace Inc., MHPA 2A Maintenance LLC, Mount Hope Preservation Apartments 2A LLC and Cornell Pace ("Co-Defendants") on behalf of themselves and others similarly situated in the United States District Court for the Southern District of New York (hereinafter, the "Court"), presently bearing Docket No.1:20-cv-00060(AJN)(SN) (hereinafter, the "Action") alleging violations of the Fair Labor Standards Act (""FLSA"), New York Labor Law ("NYLL"), and related regulations;

**WHEREAS,** Settling Defendants deny Plaintiffs' allegations, and contend that Plaintiffs' allegations are unfounded and lack merit;

**WHEREAS,** Plaintiffs and Settling Defendants (each singularly hereinafter referred to as a "Party," and collectively hereinafter referred to as "Parties") desire to fully and finally resolve and settle in full all wage and hour claims that any Plaintiff has, had, or may have against Defendants by way of this Settlement Agreement and Release ("Agreement");

**WHEREAS,** Plaintiffs' counsel and Settling Defendants' counsel have negotiated in good faith to reach a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiffs; respective claims, Settling Defendants' respective defenses, and the *bona fide* dispute between the Parties;

**NOW, THEREFORE,** in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1.        **Payment.**

(a)            In full and final satisfaction of all issues between the Parties, Settling Defendants shall pay to the Plaintiff the sum of EIGHTY THOUSAND DOLLARS AND ZERO CENTS ($80,000.00) (the "Settlement Sum"). The Settlement Sum shall be paid to Rosen Law LLC, as attorneys ("Plaintiffs' Counsel") by federal funds wire or check or checks, and Plaintiffs' Counsel will distribute the Settlement Sum as follows:

---

[1] "The Mount Hope Housing Company Inc." and "Mount Hope Housing Company Inc." have been incorrectly named and are not a legally operating entities to our knowledge.

| Name | Amount | Identification |
|---|---|---|
| Felix Castillo | $3,333.34 | less applicable deductions and withholdings, for which a Form W-2 will be issued pursuant to IRS regulations. |
| | $3,333.34 | by Form 1099 |
| Gustavo Cervantes | $3,333.34 | less applicable deductions and withholdings, for which a Form W-2 will be issued pursuant to IRS regulations. |
| | $3,333.34 | by Form 1099 |
| Jose Collazo | $3,333.34 | less applicable deductions and withholdings, for which a Form W-2 will be issued pursuant to IRS regulations. |
| | $3,333.34 | by Form 1099 |
| Anthony Forbes | $3,333.34 | less applicable deductions and withholdings, for which a Form W-2 will be issued pursuant to IRS regulations. |
| | $3,333.34 | by Form 1099 |
| Everton Harris | $3,333.34 | less applicable deductions and withholdings, for which a Form W-2 will be issued pursuant to IRS regulations. |
| | $3,333.34 | by Form 1099 |
| Alonzo Herrera | $3,333.34 | less applicable deductions and withholdings, for which a Form W-2 will be issued pursuant to IRS regulations. |
| | $3,333.34 | by Form 1099 |
| Michael Kerr | $3,333.34 | less applicable deductions and withholdings, for which a Form W-2 will be issued pursuant to IRS regulations. |
| | $3,333.34 | by Form 1099 |

| | $3,333.34 | less applicable deductions and withholdings, for which a Form W-2 will be issued pursuant to IRS regulations. |
|---|---|---|
| Ezekiel Mayers | | |
| | $3,333.34 | by Form 1099 |
| Rosen Law, LLC | $26,666.56 | by Form 1099 |

e) Plaintiffs and Plaintiffs' counsel shall be issued a Form 1099 pursuant to IRS regulations for attorneys' fees and costs.

f) Said payments being for and in full consideration and satisfaction of all claims related to the payment of wages that Plaintiffs have asserted in this Action including, but not limited to, claims for interest, attorneys' fees, costs and disbursements based on any conduct occurring up to and including the date of the complete execution of this Release (the "Settlement Sum").

g) The parties agree that the Settlement Sum will be paid within thirty (30) days of the date on which (i) the Court issues an Order Approving the parties' Settlement; (ii) the Court so-Orders the Stipulation of Dismissal, attached as Exhibit "A,"(iii) and Plaintiffs have provided defense counsel with the IRS form 1099 and W4 for each Plaintiff and 1099 for Plaintiffs' counsels for their attorney's fees. This Settlement Agreement and Release, and all of the terms and conditions of this agreement are subject to the Settlement Sum clearing Plaintiffs' counsel's bank account, at which time the terms and conditions hereof and the releases set forth herein shall become enforceable.

h) Should Defendants fail to timely make the payment of the Settlement Amount as set forth in this Agreement, then Plaintiff shall provide written notice, by electronic mail and FedEx stating that payment was not timely made.  Upon receipt of written notice, Defendants shall have ten (10) days to make payment. Notice should be sent via electronic mail and FedEx to Goldberg Segalla LLP, ATTN: Jacqueline K. Siegel, Esq., 200 Garden City Plaza, Suite 520, Garden City, New York 11530; jsiegel@goldbergsegalla.com. Further, should Defendants fail to cure the late payment within ten (10) days of notification, then this Settlement Agreement and Release shall be void and invalid, and this action shall be restored to the Court's docket as an active case.

i) The Settlement Amount payment shall be delivered to Rosen Law LLC at the following address: **216 Lakeville Road, Great Neck, New York 11020** when due.

j) Plaintiffs' counsel shall be responsible for distributing the Settlement Sum to Plaintiffs.

k)    The Settlement Sum shall be paid to Plaintiffs in exchange for full and complete settlement of any and all wage and hour claims or potential wage and hour claims between the Parties, including but not limited to those arising from, involving, or relating to Plaintiffs' claims in the Action, including any and all claims for damages, liquidated damages, compensatory or punitive damages, injunctive relief, attorneys' fees, expenses and costs.

## 2. Wage & Hour Release by Plaintiffs and Covenant Not to Sue:

(a) Plaintiffs hereby irrevocably and unconditionally release from and forever discharge and covenant not to sue Settling Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives  and managers, in their respective capacity as such("Releasees"), any and all FLSA, NYLL, Wage Theft Prevention Act, wage and hour charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other FLSA, NYLL and/or wage and hour liabilities, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiffs at any time has, had, claims or claimed to have against Settling Defendants that have occurred as of the Effective Date of this Agreement. Settling Defendants release and discharge Plaintiffs from any and all known claims, and liabilities of any kind that they have, occurred as of the Effective Date of this Agreement.

 (b) Plaintiffs further agree and covenant that the Action will be dismissed with prejudice against all Settling Defendants based on the settlement described herein, and there has not been filed, nor will be cause to be filed, any other claims, actions or other proceedings against Settling Defendants or Settling Defendants' Releasees at any time in the future arising out of any facts that are known to exist or that may exist through and including the date of execution of this Release regarding the payment of wages, wage and hour violations, unpaid wages, gap time pay, overtime pay, minimum wage pay, failure to maintain and furnish employees with proper wage records, and related retaliation claims during or after employment. Contemporaneously with the execution of this Agreement, the Parties, by themselves or by their respective counsel, shall execute a Stipulation and Order of Dismissal (annexed hereto as Exhibit "A") dismissing the Action with prejudice, subject to the Settlement Sum clearing Plaintiffs' counsel's bank account, at which time the terms and conditions hereof and the releases set forth herein shall become enforceable. The parties agree to submit this Agreement, together with the proposed Stipulation and Order of Dismissal, to the Court for Judicial review and approval.

(c)        It is Plaintiffs' intention that the execution of this Release will forever bar every claim, demand, cause of action, charge and grievance that is referenced in Paragraph 2 (a) and (b) herein against Releasees existing at any time prior to and through the date of execution of this Release, and Plaintiffs covenant not to sue Releasees based on any released claims.  Each Plaintiff will pay Releasees' reasonable attorneys' fees and costs incurred if that Plaintiff breaches that covenant.

(d)        Plaintiffs understand that the Release does not release any claims that cannot be

lawfully released.

(e)In the event that any Plaintiff institutes, is a party to, or is a member of a class or collective that institutes any claim or action against Releasees arising from conduct which predates this Release, and which is referenced in Paragraph 2 (a) and/or (b) herein, Plaintiffs agree that the released claims shall be dismissed or class or collective membership terminated immediately upon presentation of this Release, and shall execute any papers necessary to achieve this end.

### 3.    Non-Admission.

(a)    This Agreement does not constitute an admission that Settling Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever, and Plaintiffs expressly acknowledge that Settling Defendants continue to deny any wrongdoing arising out of Plaintiffs' employment and separation thereof.

(b)    Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiffs in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of Settling Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of Settling Defendants that Plaintiffs have suffered any damage. Additionally, the Parties agree that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

### 4.    Attorneys' Fees.

(a) Except as set forth herein, Plaintiffs and Defendants expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation. No party shall be responsible or liable for the payment of any attorneys' fees for the other party except as set forth herein.

### Acknowledgment.

    a.  Plaintiffs acknowledge that they are receiving consideration under this agreement to which they are not otherwise entitled.

    b.  Plaintiffs further affirm that, as of the date of this Release, they have been paid and/or has received all leave (paid and unpaid), compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to them, except as provided in this Release.

c.  Plaintiffs affirm that, as of the date of this Release, they not aware of any grounds for claims against Settling Defendants or the Released Parties other than those put forth by Plaintiffs in the Action.

d.  Plaintiffs affirm that, as of the date of this Release, they have not suffered any workplace or on-the-job injury while providing services to and/or working for Settling Defendants.

e.  Plaintiffs agree not to seek any interest, fees or costs and agrees to be responsible for the payment of his own attorneys' fees, costs and disbursements, except as provided in this Release.

f.  Plaintiffs acknowledge that Defendants have entered into this settlement solely for the purpose of avoiding the burdens and expense of protracted litigation.  Further, the parties agree that neither this Release nor the furnishing of consideration for the Release shall be construed as an admission that Defendants or any Releasee have violated any federal, state, or local law (statutory or decisional), ordinance, or regulation, or that Defendants or any Releasee has committed any wrong against Plaintiffs.

g.  Plaintiffs believe that this settlement is fair and reasonable and authorizes their attorney to seek from the Court, approval of the settlement as fair and reasonable under the FLSA.

**5. Tax Indemnification.**

(a) Plaintiffs acknowledge and agree that neither Releasees nor counsel, nor Settling Defendants' counsel, have made any representations to Plaintiffs regarding the tax consequences of any amounts paid pursuant to this Release.  To the extent there are any additional tax consequences to Plaintiffs OR Settling Defendants arising from the payment of such portion of the settlement amount other than those normally attendant to income, Plaintiffs agree to indemnify and hold Releasees harmless for all additional taxes, interest and penalties.

**6. Representation of Counsel.**

(a) Plaintiffs acknowledge that they were represented by counsel of their choosing throughout the negotiation and the execution of the Agreement. Plaintiffs further represent that they had sufficient opportunity to consider this Agreement; that they read this Agreement and/or had this Agreement explained to him in Spanish, their primary language, and they fully and carefully and understand its terms; and that they are signing it knowingly and voluntarily. Al firmar a continuación, el Demandante representa que su idioma principal es el español y que sus abogados revisó todos los términos de este Acuerdo con él / ella en español. El Demandante ha entendido completamente todos los términos de este Acuerdo y voluntariamente los aceptan firmando a continuación. (*By signing below, the Claimant represents that his/her primary language is Spanish and that his/her counsel has reviewed all terms of this Agreement with him/her in Spanish. Claimant has fully understood all terms of this Agreement and voluntarily accepts them by signing below*).

**7. Oral Modifications Prohibited.**

(a) This Agreement represents the entire agreement between Plaintiffs and Defendants with respect to the Action. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by or on behalf of the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

**8. Choice of Law.**

(a) This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

**9. Effective Date.**

(a) This Agreement shall become effective immediately upon the Parties' execution.

**10. Counterparts.**

(a) This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (I) Agreement.

**11. Facsimile and Email Signatures.**

(a) Any party may execute this Agreement by signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

**12. Severability.**

(a) The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

**PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOURS CLAIMS THEY MIGHT HAVE AGAINST RELEASEES.**

*PLAINTIFFS:*

Dated:  12/7/2020 | 5:33 PM EST
_____

DocuSigned by:
[signature]
CE255AFD74D74E9...
Felix Castillo

Dated:  12/7/2020 | 11:58 AM EST
_____

DocuSigned by:
[signature]
F6C91B1384A8483...
Gustavo Cervantes

Dated:  12/7/2020 | 11:28 AM EST
_____

DocuSigned by:
[signature]
A525956DC81948C...
Jose Collazo

Dated:  12/7/2020 | 10:21 PM EST
_____

DocuSigned by:
[signature]
C31620B2A44B405...
Anthony Forbes

Dated:  12/8/2020 | 8:50 AM PST
_____

DocuSigned by:
[signature]
10BDDE55F65F430...
Everton Harris

Dated:  12/7/2020 | 1:43 PM CST
_____

DocuSigned by:
[signature]
3589A835DE394FC...
Alonzo Herrera

Dated:  12/7/2020 | 7:41 PM EST
_____

DocuSigned by:
[signature]
B3B9054AF37148B...
Michael Kerr

Dated:  12/7/2020 | 9:28 PM EST
_____

DocuSigned by:
[signature]
F55FFB5BEB08466...
Ezekiel Mayers

**DEFENDANTS:**

Dated: _12/2/20_

_____
Mount Hope Management Inc.
By: _Fritz C. Jean_
    _Its President/CEO_

Dated: _11/27/20_

_____
Prestige Management Inc.
By: _TREVER WILSON_

Dated: _12/2/20_

_____
Fritz Jean _personally_

Dated: _12/1/20_

_____
Glenroy Pray

Dated: _12-1-20_

_____
Jamal Allah

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FELIX CASTILLO, GUSTAVO CERVANTES,
JOSE COLLAZO, ANTHONY FORBES,
EVERTON HARRIS, ALONZO HERRERA,
MICHAEL KERR and EZEKIEL MAYERS,
Individually and on behalf of All Other Persons
Similarly Situated

          **Docket No. 20-CV-60 (AJN)(SN)**

          **PARTIAL STIPULATION OF
DISMISSAL WITH PREJUDICE**

          Plaintiffs,

– against –

CORNELL PACE INC.,
MHPA 2A MAINTENANCE LLC,
MOUNT HOPE MANAGEMENT INC.,
MOUNT HOPE HOUSING COMPANY INC.,
MOUNT HOPE PRESERVATION APARTMENTS
2A LLC, PRESTIGE MANAGEMENT INC.,
THE MOUNT HOPE HOUSING COMPANY INC.,
FRITZ JEAN, GLENROY FRAY, JAMAL ALLAH,
CORNELL PACE, JOHN DOE # 1, JOHN DOE # 2,
JOHN DOE # 3, JOHN DOE # 4, AND JOHN DOE # 5,
JOHN DOE # 6, JOINTLY AND SEVERALLY,

          Defendants.
------------------------------------------------------------X

       IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for Plaintiffs, and Defendants Mount Hope Management Inc., Mount Hope Housing Company Inc., Prestige Management Inc., The Mount Hope Housing Company Inc.[2], Fritz Jean, Glenroy Fray and Jamal Allah (the "Settling Defendants") in the above captioned action, that, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action be dismissed against the Settling Defendants <u>only</u>, with prejudice and without costs or attorneys' fees to any party, as to Plaintiffs or Defendants. This court retains jurisdiction to enforce the settlement agreement and release of this action.

      **Signatures of counsels for Plaintiffs and Settling Defendants are contained on the following page.**

---

[2] "The Mount Hope Housing Company Inc." and "Mount Hope Housing Company Inc." have been incorrectly named and are not a legally operating entities to our knowledge.

Dated: Great Neck, New York
     November 23, 2020

_____/s/_____
Jared Rosen, Esq. (JR-5381)
Rosen Law LLC
Attorneys for Plaintiffs
216 Lakeville Road,
Great Neck, New York 11020
(516) 437-3400

Dated: New York, New York
     November 24, 2020

_____/s/_____
Jacqueline K. Siegel, Esq.
Goldberg Segalla LLP
Attorneys for Defendants Mount Hope Management Inc., Mount Hope Housing Company Inc., Prestige Management Inc., The Mount Hope Housing Company Inc., Fritz Jean, Glenroy Fray and Jamal Allah
711 3rd Avenue, Suite 1900,
New York, New York 10017
(646) 292-8700

SO ORDERED: _____

Honorable Magistrate Sarah Netburn